LYNN V. RIVERA, ESQ. [SBN: 196602]
HOMAN, STONE & ROSSI APC
1461 Ford Street, Suite 201
Redlands, California 92373
Telephone: (909) 307-9380
Facsimile:  (909) 793-0210
Email: lrivera@homan-stone.com

*Attorneys for Defendants*
Citizen Hotel, Aimbridge Hospitality, LLC,
Marriott Bonvoy Boutiques, LLC and
Marriott International, Inc.

# UNITED STATES DISTRICT COURT

## STATE OF CALIFORNIA, EASTERN DISTRICT

| | |
|---|---|
| E.D, an individual minor by and through his guardian ad litem CATHLEEN ANN MAGORIEN; and CATHLEEN ANN MAGORIEN, an individual, | Case No.: |
| | **DEFENDANT AIMBRIDGE HOSPITALITY, LLC'S NOTICE OF REMOVAL** |
| Plaintiff, | |
| vs. | **Action Filed: 10/03/2024** |
| | **Trial Date:   None** |
| THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation, and DOES 1 to 50, Inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant AIMBRIDGE HOSPITALITY, LLC ("Aimbridge") by and through its counsel of record, Lynn Rivera, at Home, Stone & Rossi APC, hereby petitions for the removal of the above-captioned action from the SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SACRAMENTO, to this Honorable Court for the reasons described below:

1.      Aimbridge is a Defendant in a civil action in the Superior Court of California, County

-1-

of Sacramento, E.D. *et. al.* v. Citizen Hotel *et al.*, Case No. 24CV020170. See Declaration Lynn Rivera in support of Petition for Removal ("Rivera Dec."), ¶ 1, Exhibit 1.

2. Plaintiffs E.D. an individual minor by and through his guardian ad litem Cathleen Ann Magorien, and Cathleen Ann Magorien, an individual (collectively hereinafter "Plaintiffs") filed a Complaint naming Defendants Citizen Hotel, Aimbridge Hospitality, LLC, Marriott Bonvoy Boutiques, LLC, and Marriott International, Inc. (collectively hereinafter "Defendants") on October 3, 2024. See Rivera Dec., ¶ 1, Exhibit 1.

3. The Summons and Complaint was served on Aimbridge on March 10, 2025. See Rivera Dec., ¶ 1, Exhibit 1.

4. Counsel for Aimbridge filed a timely Answer to the Plaintiffs' Complaint on behalf of all Defendants in the Superior Court of California, County of Sacramento on April 9, 2025. A true and correct copy of Defendants' answer to the complaint is attached hereto as Exhibit 2. See Rivera Dec., ¶ 2, Exhibit 2.

5. All served Defendants are represented by Counsel for Aimbridge and have consented to the removal of this case to this Honorable Court. See Rivera Dec., ¶ 3.

6. In their Complaint, Plaintiffs allege they are residents of Los Angeles, California. See Rivera Dec., ¶ 1, Exhibit 1.

7. Both Defendants Aimbridge and Marriott are incorporated in Delaware, have widespread locations across multiple states, and no one state substantially predominates. See Rivera Dec., ¶ 4.

8. Defendant Aimbridge is headquartered in in Plano, Texas. See Rivera Dec., ¶ 5.

9. Defendant Marriott International, Inc. is headquartered in Bethesda, Maryland. Marriott International, Inc. wholly owns and operates Defendant Marriott Bonvoy (collectively hereinafter "Marriott). See Rivera Dec., ¶ 6.

10.     Citizen hotel is a branded Marriott Autograph Collection hotel operated by Aimbridge's business affiliate, Interstate Management Company, LLC.  See Rivera Dec., ¶ 7.

11.     After the lawsuit was filed Plaintiffs made a settlement demand wherein Aimbridge was able to determine that the amount in controversy in this case exceeded $75,000 and, in fact, the demand exceeded $100,000.  See Rivera Dec., ¶ 8

12.     Thereafter, after Plaintiffs served their Complaint, in continuing settlement negotiations, Plaintiffs sent correspondence to Defendants that Plaintiff E.D. alleges he sustained a traumatic brain injury in the subject incident and therefore any new demand would exceed the demand previously sent exceeding $75,000. See Rivera Dec., ¶¶ 8, 9.

**JURISDICTION**

13.     This matter is removable pursuant to 28 U.S.C. §§ 1332 and 1446.

14.     This is a civil action over which this Court has original jurisdiction. This case may be removed to this Court by Defendant Aimbridge pursuant to the provisions of 28 U.S.C. § 1441(b) based on diversity of citizenship.  Specifically, this case involves a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs and Defendants are and were citizens of different states at all times relevant to this matter, and therefore, complete diversity exists in this action, as stated below:

15.     **Plaintiff's Citizenship**:    For purposes of evaluating diversity, a person is a "citizen" of the state in which he is domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983); Kantor v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Plaintiffs are a citizen of the State of California because they reside and are domiciled in Los Angeles, California. Accordingly, Plaintiff is a citizen of the State of California.  See Rivera Dec., ¶ 1, Exhibit 1.

16.     **Defendant's Citizenship**: For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State. . .by which it has been incorporated and of the State...where it has its principal place of business." See 28 U.S.C. § 1332(c)(1).  In accordance with, and pursuant to Indus.

Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial predominance of corporate operations, courts are to apply the "nerve center" test to determine a corporation's principal place of business. See Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001). The corporation's principal place of business is determined by identifying the state "where the majority of the corporation's executives and administrative functions are performed." Id. This test is particularly appropriate where a corporation's activities are widespread, and its operations are conducted in many states. Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990).

Both Aimbridge and Marriott are incorporated in the State of Delaware and are corporations with widespread business operations. Rivera Dec., ¶ 4. Aimbridge is headquartered in Texas, and the majority of Aimbridge's executive, managerial, and administrative functions occur in Plano, Texas. See Rivera Dec., ¶ 5. Therefore, Aimbridge is a citizen of Texas. Marriott is headquartered in Maryland, and the majority of Marriott's executive, managerial and administrative functions occur in Bethesda, Maryland. See Rivera Dec., ¶ 6. Therefore, Marriott is a citizen of Maryland.

### AMOUNT IN CONTROVERSY

17. This case may be removed to this Court by Aimbridge pursuant to the provisions of 28 U.S.C. § 1441(b) in that the amount in controversy exceeds the sum of $75,000. Prior to serving the lawsuit, Plaintiffs made a settlement demand exceeding $75,000 and, in fact, exceeding $100,000. See Rivera Dec., ¶ 8. After the Plaintiff's lawsuit was served informal settlement negotiations continued. Plaintiffs served correspondence stated Plaintiff E.D. sustained a traumatic brain injury and any new demand would exceed its prior settlement demand of over $75,000. See Rivera Dec., ¶ 9. Thereby, noticing Defendants in writing the amount in controversy in this action exceeded $75,000.

18. This Notice of Removal is timely filed under 28 U.S.C. § 1446 (b) (3) in that Defendant Aimbridge removes this matter on April 8, 2025, within 30 days of service of the Plaintiffs' complaint, served on March 10, 2025.

## NOTICE TO PLATINIFFS AND THE STATE COURT

19.    Immediately following the filing of this notice of removal of action, written notice of this filing will be filed in Case No. 24CV020170 in the Superior Court of California, County of Sacramento.

20.    Pursuant to the provisions of 28 U.S.C. § 1446, Defendants attach herewith and incorporate herein by reference, the Declaration of Lynn Rivera with the following exhibits filed in the Superior Court: (1) Plaintiffs' Complaint; (2) Defendants' Answer to the Complaint.

## DEMAND FOR JURY TRIAL

21.    Defendants hereby demand a jury trial of twelve jurors pursuant to FRCP 48.

## PRAYER

WHEREFORE, Defendants pray that the above-entitled action, currently pending in Superior Court of California, County of Sacramento, be removed to the United States District Court of California, Eastern District, and that this action proceed in this Court as an action properly removed thereto pursuant to 28 U.S.C. §§ 1441 *et. seq.*

DATED:  April 9, 2025                                     **HOMAN, STONE & ROSSI APC**

                                                          BY:   /s/ Lynn V. Rivera
                                                             LYNN V. RIVERA, ESQ.
                                                             *Attorneys for Defendants*
                                                             Citizen Hotel, Aimbridge Hospitality, LLC,
                                                             Marriott Bonvoy Boutiques, LLC, and
                                                             Marriott International, Inc.

LYNN V. RIVERA, ESQ. [SBN: 196602]
HOMAN, STONE & ROSSI
1461 Ford Street, Suite 201
Redlands, California 92373
Telephone: (909) 307-9380
Facsimile:  (909) 793-0210
Email: lrivera@homan-stone.com

*Attorneys for Defendants*

CITIZEN HOTEL, AMBRIDGE HOSPITALITY, LLC,
MARRIOTT BONVOY BOUTIQUES, LLC, and
MARRIOT INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## STATE OF CALIFORNIA, EASTERN DISTRICT

| | |
|---|---|
| E.D., an individual minor by and through his guardian ad litem CATHLEEN ANN MAGORIEN; and CATHLEEN ANN MAGORIEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation, and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.:<br><br>**DECLARATION OF LYNN RIVERA IN SUPPORT OF DEFENDANT AIMBRIDGE HOSPITALITY, LLC'S NOTICE OF REMOVAL**<br><br>**Action Filed: 10/03/2024** |

I, Lynn V. Rivera, declare:

I am an attorney licensed to practice law in the state of California.  I am a Senior Counsel at the law firm of Homan, Stone & Rossi, APC. The following is based on my personal knowledge of the facts contained in this Declaration and, if called as a witness, I could and would testify thereto:

1. Plaintiffs E.D., an individual minor by and through his guardian ad litem Cathleen Ann Magorien and Cathleen Ann Magorien, an individual (collectively hereinafter "Plaintiffs") are residents of Los Angeles.  They filed a complaint naming Citizen Hotel, Aimbridge, Marriott Bonvoy Boutiques, LLC, and Marriott International, Inc. on October 3, 2024, Plaintiffs served the complaint on Defendant Aimbridge on March 10, 2024. A true and correct copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit 1.

2. Counsel for Aimbridge filed a timely Answer to the Plaintiffs' Complaint on behalf of all Defendants in the Superior Court County of Sacramento on April 9, 2025.  A true and copy of Defendants' Answer to the Complaint is attached hereto as Exhibit 2.

3. All served Defendants are represented by Counsel for Aimbridge and have consented to the removal of this case to this Honorable Court.

4. Defendants Aimbridge and Marriott are Delaware corporations and have widespread locations across multiple states, and no one state substantially predominates.

5. Aimbridge is headquartered in Texas, and the majority of Aimbridge's executive, managerial and administrative functions occur in Plano, Texas.

6. Defendant Marriott International, Inc. is headquartered in Maryland, and the majority of Marriott's executive, managerial, and administrative functions occur in Bethesda, Maryland.  Marriott International, Inc. wholly owns and operates Defendant Marriott Bonvoy (collectively hereinafter "Marriott).

7. Citizen hotel is a branded Marriott Autograph Collection hotel operated by Aimbridge's business affiliate, Interstate Management Company, LLC.

8. Before the service of the lawsuit Plaintiffs made a confidential settlement demand wherein Aimbridge was able to determine that the amount in controversy in this case exceeded $75,000 and, in fact, exceeded $100,000.

9.     After Plaintiffs served their Complaint, informal settlement negotiations continued. Plaintiffs sent correspondence to Defendants' Counsel advising her that Plaintiff E.D. sustained a traumatic brain injury in the subject incident and, therefore, any new demand would be higher than the prior demand exceeding $75,000.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.


DATED:  April 9, 2025                          **HOMAN, STONE & ROSSI APC**

                                    BY:  _/s/ Lynn V. Rivera_
                                         LYNN V. RIVERA, ESQ.
                                         *Attorneys for Defendants*
                                         Citizen Hotel, Aimbridge Hospitality, LLC,
                                         Marriott Bonvoy Boutiques, LLC, and
                                         Marriott International, Inc.

-3-

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 1461 Ford Street, Suite 201, Redlands, California 92373.

On April 9, 2025, I served the foregoing document(s) described as **DECLARATION OF LYNN RIVERA IN SUPPORT OF DEFENDANT AIMBRIDGE HOSPITALITY, LLC'S NOTICE OF REMOVAL** on the other parties in this action as follows:

| | |
|---|---|
| Nanette Reed, Esq.<br>**LOS ANGELES CITY LAW, APLC**<br>7961 West 3rd Street<br>Los Angeles, CA 90048<br>Email: lit@lacitylaw.com<br><br>Tel: (424) 204-9914<br>Fax; (866) 241-0758 | *Attorneys for Plaintiffs* E.D., an individual Minor by and through his guardian ad litem Cathleen Ann Magorien, and Cathleen Ann Magorien |

[  ]    **(BY MAIL)** By placing **[  ] the original [X] a true copy** thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria persona. [  ] I deposited such envelope(s) in the mail at Redlands, California, with postage thereon fully prepaid. [**X**]  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission pursuant to C.C.P. Sections 2025.310(b) and 1010.6 *et seq*.**;** I caused the documents to be sent from **cbanuelos@homan-stone.com** to the persons at the electronic notification addresses listed above/below. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[**X**]    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 9, 2025, at Redlands, California.

*Carla Banuelos*

Carla Banuelos

-4-

# EXHIBIT 1

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    Greg Moundas, Chief Legal Officer
AIMBRIDGE HOSPITALITY LLC
5301 HEADQUARTERS DR
PLANO, TX 75024-6187

**RE:**    **Process Served in California**

**FOR:**    Aimbridge Hospitality, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: EVAN DIAZ., an individual minor by and through his guardian ad litem CATHLEEN ANN MAGORIEN; and CATHLEEN ANN MAGORIEN, an individual // To: Aimbridge Hospitality, LLC |
| **CASE #:** | 24CV020170 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/10/2025 at 12:27 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  KAREN KOVACH  karen.kovach@aimhosp.com |
| | Email Notification,  Nicole Graves  nicole.graves@aimbridge.com |
| | Email Notification,  Matt Dreyfuss  matthew.dreyfuss@aimhosp.com |
| | Email Notification,  Greg Moundas  greg.moundas@aimhosp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
8775647529
MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**            Mon, Mar 10, 2025
**Server Name:**     Jimmy Lizama

| Entity Served | AIMBRIDGE HOSPITALITY, LLC |
|---|---|
| Case Number | 24CV020170 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
03/06/2025
By: _____ A. Gray _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation, and DOES 1 to 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EVAN DIAZ., an individual minor by and through his guardian ad litem CATHLEEN ANN MAGORIEN; and CATHLEEN ANN MAGORIEN, an individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Gordon D. Schaber Superior Court
*(El nombre y dirección de la corte es):*

720 9th Street, Sacramento, CA 95814

**CASE NUMBER:**
*(Número del Caso):* 24CV020170

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nanette G. Reed, Esq., Los Angeles City Law, 7961 W. 3rd Street, Los Angeles, CA 90048, 424-204-9914

DATE:
*(Fecha)* 03/06/2025

Clerk, by *(Secretario)* /s/ A. Gray , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AIMBRIDGE HOSPITALITY, LLC, a limited liability company
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corp. Code 17701.16, LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Edward Ramsey, Esq. (SBN: 274778)
Nanette G. Reed, Esq. (SBN: 243552)
Taylor Scott Kruse, Esq. (SBN: 351583)
**LOS ANGELES CITY LAW, APLC**
7961 West 3rd Street
Los Angeles, CA 90048
Tel: (424) 204-9914
Fax: (866) 241-0758
lit@lacitylaw.com

Attorneys for Plaintiffs,
Evan Diaz., an individual minor by and through
his guardian ad litem CATHLEEN ANN MAGORIEN,
and CATHLEEN ANN MAGORIEN

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
**10/03/2024**
By: _____ L. Stewart _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| EVAN DIAZ., an individual minor by and through his guardian ad litem CATHLEEN ANN MAGORIEN; and CATHLEEN ANN MAGORIEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation, and DOES 1 to 50, Inclusive,<br><br>Defendants. | ) CASE NO.:  24CV020170<br>)<br>)<br>) **COMPLAINT FOR DAMAGES**<br>)<br>)   1.  **NEGLIGENCE**<br>)   2.  **PREMISE LIABILITY**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff EVAN DIAZ, in individual minor by and through his guardian ad litem CATHLEEN ANN MAGORIEN ("Plaintiff") hereby complain and allege causes of action

1

COMPLAINT FOR DAMAGES

against Defendants THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation, and DOES 1 to 50, Inclusive (collectively referred to as "Defendants"), and each of them, as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10.

2.      Venue is proper in the County of Sacramento pursuant to Section 395(a) of the California Code of Civil Procedure as Plaintiff's injuries occurred in the City of Sacramento, County of Sacramento, State of California.

### PARTIES TO THE ACTION

3.      Plaintiff Evan Diaz is a natural person and a minor who is, and at all times relevant herein has been, a resident of the County of Los Angeles, State of California, his interests are being represented by his guardian ad litem by Cathleen Ann Magorien.

4.      Plaintiff Cathleen Ann Magorien is a natural person who is an adult competent person, and at all times relevant herein has been, a resident of the County of Los Angeles, State of California.

5.      Plaintiffs are informed and believe and thereon allege that Defendant THE CITIZEN HOTEL is an entity form unknown doing business in California and owns, controls, and otherwise operates a hotel located at 926 J Street, Sacramento, California, 95814. At all times relevant herein this company conducts and operates its business within the State of California for profit and avails itself on the laws and protections of said state.

6.      Plaintiffs are informed and believe and thereon allege that Defendant AIMBRIDGE HOSPITALITY, LLC, a limited liability company, is an out-of-state entity doing business in California and manages, controls, and otherwise operates a hotel located at 926 J Street, Sacramento, California, 95814 though its division, Evolution Lifestyles. At all times relevant herein this company conducts and operates its business within the State of California for profit and avails itself on the laws and protections of said state.

2

COMPLAINT FOR DAMAGES

7.   Plaintiffs are informed and believe and thereon allege that Defendant MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company, is an out-of-state entity doing business in California and owns, controls, and otherwise operates a hotel located at 926 J Street, Sacramento, California, 95814. At all times relevant herein this company conducts and operates its business within the State of California for profit and avails itself on the laws and protections of said state.

8.   Plaintiffs are informed and believe and thereon allege that Defendant MARRIOTT INTERNATIONAL, INC., is an out-of-state corporation doing business in California and owns, controls, and otherwise operates a hotel located at 926 J Street, Sacramento, California, 95814. At all times relevant herein this company conducts and operates its business within the State of California for profit and avails itself on the laws and protections of said state.

9.   The true names and/or capacities, whether individual, corporate, associate or otherwise of the Defendant DOES 1 through 50, inclusive, and each of them, are unknown to the Plaintiffs who therefore sue said Defendants by such fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff is informed and believes and thereon alleges that each of these Defendants fictitiously named herein as DOES are legally responsible, negligent, or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to the Plaintiff as hereinafter alleged. In any place in this Complaint where the term "Defendant" or "Defendants" is used it shall include DOES 1–50 as if so stated. Plaintiff will seek leave of this Court to amend this Complaint and state the true names and/or capacities of DOES 1 to 50, inclusive, when the same have been ascertained.

10.   Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee and/or joint venture.

11.   Plaintiffs are informed and believe and thereon allege, that Defendants at all times

3

COMPLAINT FOR DAMAGES

relevant herein, owned, operated, maintained, repaired, advertised, exhibited and otherwise controlled a hotel located at 926 J Street, Sacramento, California, 95814.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

(By Plaintiffs against Defendants THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation, and DOES 1 to 50, Inclusive)

12.   Plaintiffs hereby repeat, re-allege, and incorporate by reference, as though set forth in full, all of the allegations and statements in all preceding paragraphs of this Complaint.

13.   On or about June 3, 2023, Plaintiffs were staying at the Defendants' Hotel located at 926 J Street, Sacramento, California, 95814 (hereinafter "Hotel").

14.   At all times relevant herein Plaintiffs were lawful guests at the Hotel controlled by Defendants, and each of them.

15.   At the time and place listed above, Plaintiff Evan Diaz sustained multiple and severe injuries from a fall, which occurred when he was exiting the bathtub located within the guestroom bathroom in which Plaintiffs were guests.  Upon exiting his guestroom bathtub, Plaintiff Evan Diaz stepped on a bathroom stepstool that was provided by Defendants, and each of them, whereupon Plaintiff Evan Diaz slipped off of the stepstool, falling, striking his head upon the edge of the bathtub, severely injuring himself.

16.   Plaintiff is further informed and believes and thereon alleges that at all times relevant herein each of the Defendants were acting with the knowledge, direction, participation, acquiescence, ratification, and/or consent of the remaining Defendants, and each of them.

17.   At all times relevant herein, Defendants, and each of them, owed a duty to Plaintiffs to carefully and prudently own, occupy, possess, design, construct, develop, landscape, operate, inspect, maintain, manage, control, and/or supervise the Property, including the guest room and its bathroom in which Plaintiffs were staying.  Defendants, and each of them,

4

COMPLAINT FOR DAMAGES

negligently, carelessly, and recklessly breached said duty by permitting the dangerous conditions alleged above to persist and exist in said guestroom bathroom at the time of the incident.

18. At all times relevant herein, the dangerous conditions as alleged herein were such that Hotel guests, including Plaintiffs, were exposed to a high probability of injury while lawfully present at the Property. Defendants, and each of them, failed to warn Plaintiffs and/or failed to fix, remediate, or cure the dangerous conditions that existed at the time of the incident.

19. Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that the dangerous conditions alleged herein existed at the time of the incident. Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that unless reasonable inspection, repair, care, control, and maintenance were taken of the Property, the dangerous conditions described above would persist to be present. Defendants, and each of them, negligently failed to take reasonable precautions to remedy the dangerous condition Defendants created and allowed to persist.

20. On or about the above-referenced date and place, Defendants, and each of them, negligently and carelessly owned, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, maintained, managed, controlled, supervised, and/or permitted the Property to remain in the dangerous condition that caused Plaintiff to fall, thereby directly and proximately causing the injuries and damages to Plaintiff described herein.

21. As a direct result of the conduct of Defendants, and each of them, Plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his body and shock and injury to his nervous system and person; said injuries have caused and continue to cause Plaintiff great physical, mental, and nervous pain and suffering, all to his general damages according to proof.

22. As a direct result of the conduct of Defendants, and each of them, as aforementioned, Plaintiffs were compelled to and did employ the services of hospitals, physicians, nurses, and the like, to care for and treat Plaintiff EVAN DIAZ's injuries, and did incur hospital, medical, professional, and incidental expenses; Plaintiffs are informed and believe, and thereupon

COMPLAINT FOR DAMAGES

allege, that by reason of his injuries he will necessarily incur additional like expenses for an indefinite period of time in the future, all to his special damages according to proof.

23.     Plaintiff Magorien incidentally sustained, and continues to sustain, economic damages as a result of Plaintiff EVAN DIAZ's injuries including but not limited to medical insurance co-payments for treatment and medication as well as lost wages resulting from time off work necessarily taken to tend to EVAN DIAZ's injuries after the incident subject of this lawsuit. Plaintiff Magorien sustained, and continues to sustain, said damages as a direct and legal cause from Defendants', and each of them, negligent actions and omissions. The amount of economic damages will be according to proof at trial.

## SECOND CAUSE OF ACTION

## PREMISES LIABILITY

(By Plaintiff against Defendants THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC; a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation, and DOES 1 to 50, Inclusive)

25.     Plaintiffs hereby repeat, re-allege, and incorporate by reference, as though set forth in full, all of the allegations and statements in all preceding paragraphs of this Complaint.

26.     At all times relevant herein, Defendants, and each of them, owed a duty to Plaintiffs to carefully and prudently own, occupy, possess, design, construct, develop, landscape, operate, inspect, maintain, manage, control, and/or supervise the Property, including the guestroom, including its bathroom, in which Plaintiffs were staying as a guests. Defendants, and each of them, negligently, carelessly, and recklessly breached said duty by permitting the dangerous conditions described above to persist and exist in said room at the time of the incident.

27.     At all times relevant herein, the dangerous conditions described above were such that Hotel guests, including Plaintiffs, were exposed to a high probability of injury while lawfully present at the Property.  Defendants, and each of them, failed to warn Plaintiffs and/or fix, remediate, or cure the dangerous conditions that existed at the time of the incident.

6

COMPLAINT FOR DAMAGES

28. Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that the dangerous conditions described above existed at the time of the incident. Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that unless reasonable inspection, repair, care, control, and maintenance were taken of the Property, the dangerous conditions described above would persist to be present. Defendants, and each of them, negligently failed to take reasonable precautions to remedy, prevent the use of, and/or remove, the tile, lighting, lack of proper bath matting, and lack of anti-slip surface on certain stairs leading up to the bathtub inside the restroom, all of which created a high probability that injuries would result to persons lawfully at the Hotel room, including Plaintiffs.

29. On or about the above-referenced date and place, Defendants, and each of them, negligently and carelessly owned, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, maintained, managed, controlled, supervised, and/or permitted the Property to remain in the dangerous condition that caused Plaintiffs to fall, thereby directly and proximately causing the injuries and damages to Plaintiffs described herein.

30. As a direct result of the conduct of Defendants, and each of them, Plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his body and shock and injury to his nervous system and person; said injuries have caused and continue to cause Plaintiff great physical, mental, and nervous pain and suffering, all to his general damages according to proof.

31. As a direct result of the conduct of Defendants, and each of them, as aforementioned, Plaintiff was compelled to and did employ the services of hospitals, physicians, nurses, and the like, to care for and treat him, and did incur hospital, medical, professional, and incidental expenses; Plaintiff is informed and believes, and thereupon alleges, that by reason of his injuries he will necessarily incur additional like expenses for an indefinite period of time in the future, all to his special damages according to proof.

32. Plaintiff Magorien incidentally sustained, and continues to sustain, economic damages as a result of Plaintiff Evan Diaz's injuries including but not limited to medical insurance co-payments for treatment and medication as well as lost wages resulting from time off work

7

COMPLAINT FOR DAMAGES

necessarily taken to tend to EVAN DIAZ's injuries after the incident subject of this lawsuit. Plaintiff Magorien sustained, and continues to sustain, said damages as a direct and legal cause from Defendants', and each of them, negligent actions and omissions. The amount of economic damages will be according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For economic damages according to proof;

2. For non-economic damages according to proof;

3. For past and future loss of earnings according to proof;

4. For incidental damages according to proof;

5. For costs of suit herein incurred; and

6. For such other and further relief as the court may deem reasonable and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby request a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

LOS ANGELES CITY LAW, APLC

Dated:  October 3, 2024

By:_____
Nanette G. Reed, Esq.
Attorneys for Plaintiffs,
EVAN DIAZ, in individual minor by and through
his guardian ad litem CATHLEEN ANN
MAGORIEN, and CATHLEEN ANN
MAGORIEN

8

COMPLAINT FOR DAMAGES

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Nanette Reed, Esq. (SBN 243552)<br>Los Angeles City Law, APLC<br>7961 West 3rd Street, Los Angeles, CA 90048<br><br>TELEPHONE NO.: 424 204-9914    FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, EVAN DIAZ, et al. | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Sacramento<br>10/03/2024<br>By: _____ L. Stewart _____ Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Diaz, et al. v. The Citizen Hotel, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **24CV020170**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One (1) Negligence, Two (2) Premise Liability
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 3, 2024

Nanette Reed, Esq.
_____ (TYPE OR PRINT NAME)                   ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Evan Diaz, , a minor  et al | |
| DEFENDANT/RESPONDENT:<br>The Citizen Hotel et al | |

| NOTICE OF CASE ASSIGNMENT<br>AND CASE MANAGEMENT CONFERENCE<br>(UNLIMITED CIVIL CASE) | CASE NUMBER:<br>24CV020170 |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| LAW & MOTION | Richard K. Sueyoshi | Hall of Justice | 53 |
| CASE MANAGEMENT PROGRAM | Thadd A. Blizzard | Gordon D. Schaber Superior Court | 43 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

## NOTICE OF CASE MANAGEMENT CONFERENCE

### Hearing Date

The above entitled action has been set for a case management conference at **8:30 AM** on **November 14, 2025** in **Department 43** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

| SHORT TITLE: DIAZ, et al. vs THE CITIZEN HOTEL, et al. | CASE NUMBER: 24CV020170 |
|---|---|

## Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

## Remote Appearances

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

## Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

## Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

## Service of Notice of Case Assignment and Case Management Conference

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

## Compliance

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

## Continuances

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 10/04/2024                          By:

/s/ L. Stewart
L. Stewart, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

# EXHIBIT 2

LYNN V. RIVERA, ESQ. [SBN: 196602]
HOMAN, STONE & ROSSI
1461 Ford Street, Suite 201
Redlands, California 92373
Telephone: (909) 307-9380
Facsimile:  (909) 793-0210
Email: lrivera@homan-stone.com

*Attorneys for Defendants*
Citizen Hotel, Aimbridge Hospitality, LLC.,
Marriott Bonvoy Boutiques, LLC, and
Marriott International Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| EVAN DIAZ, an individual minor by and through his guardian ad litem CATHLEEN ANN MAGORIEN; and CATHLEEN ANN MAGORIEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation, and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.: **24CV020170**<br>*Unlimited Civil Jurisdiction*<br>[Assigned to Honorable Chad Firetag, Dept.3]<br><br>**DEFENDANTS CITIZEN HOTEL, AIMBRIDGE HOSPITALITY, LLC., MARRIOTT BONVOY BOUTIQUES, LLC, AND MARRIOTT INTERNATIONAL, INC.'S ANSWER TO COMPLAINT**<br><br>**Action Filed: 10/03/2024**<br>**Trial Date:    None** |

Defendants, CITIZEN HOTEL, AIMBRIDGE HOSPITALITY, LLC., MARRIOTT BONVOY BOUTIQUES, LLC, AND MARRIOTT INTERNATIONAL INC., hereby answer Plaintiffs' Complaint as follows.  Pursuant to *California Code of Civil Procedure* § 431.30, these answering Defendants

-1-

specifically deny each and every allegation in the Complaint and further deny that Plaintiffs have been damaged in any sum or sums whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

If Plaintiffs suffered or sustained damages as alleged in the Complaint, those damages were proximately caused and contributed to by Plaintiffs by her failure to conduct herself in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Plaintiffs' contributory negligence diminishes any recovery herein.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiffs sustained any damage as alleged in the Complaint, that damage was proximately caused and contributed to by persons, entities or parties other than Defendants in failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Defendants shall only be liable for the amount of non-economic damages allocated to Defendants' percentage of fault pursuant to California Civil Code § 1431.2 and other applicable law.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any damage as alleged in the Complaint, that damage was proximately caused and contributed to the Plaintiffs failing to conduct themselves in a manner ordinarily expected of reasonably prudent person in the conduct of his affairs and business and therefore Plaintiffs' damages are reduced by the Plaintiffs' responsibility.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any damage as alleged in the complaint, that damage was proximately caused by or contributed to by the Plaintiffs in failing to conduct himself in a manner ordinarily expected of reasonably prudent person in the conduct of his affairs and business and therefore Plaintiffs' damages are reduced by Plaintiffs' responsibility.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have waived or are estopped from alleging the matters set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Defendants have performed and discharged any and all obligations and legal duties arising out of the matters set forth in the Complaint.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory and general terms used in the Complaint. Accordingly, Defendants reserve the right to assert additional defenses as applicable.

WHEREFORE, Defendants pray that Plaintiffs take nothing by reason of their Complaint on file herein and that judgment be entered in favor of Defendants for costs of suit, reasonable attorneys' fees, and for such other and further relief as the Court deems just and proper.

DATED:  April 9, 2025

HOMAN, STONE & ROSSI, APC

BY: _____
     LYNN V. RIVERA, ESQ.
     *Attorneys for Defendants*
     Citizen Hotel, Aimbridge Hospitality, LLC.,
     Marriott Bonvoy Boutiques, LLC, and
     Marriott International, Inc.

-3-

**PROOF OF SERVICE (Code Civ. Proc., §§ 1013a, 2015)**

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1461 Ford Street, Suite 201, Redlands, California 92373.

On April 9, 2025, I served the foregoing document(s) described as **ANWER TO COMPLAINT** on the other parties in this action as follows:

| | |
|---|---|
| Nanette Reed, Esq.<br>**LOS ANGELES CITY LAW, APLC**<br>7961 West 3rd Street<br>Los Angeles, CA 90048<br>Email: lit@lacitylaw.com<br><br>Tel: (424) 204-9914<br>Fax; (866) 241-0758 | *Attorneys for Plaintiffs*<br>Evan Diaz, an individual Minor by and through his guardian ad litem Cathleen Ann Magorien and Cathleen Ann Magorien, an individual |

[ ]   **(BY MAIL)** By placing **[ ] the original [X] a true copy** thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria persona. [ ] I deposited such envelope(s) in the mail at Redlands, California, with postage thereon fully prepaid. [**X**]   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission pursuant to C.C.P. Sections 2025.310(b) and 1010.6 *et seq.***;** I caused the documents to be sent from **cbanuelos@homan-stone.com** to the persons at the electronic notification addresses listed above/below. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[**X**]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 9, 2025, at Redlands, California.

*Carla Banuelos*
Carla Banuelos

-4-

## Carla Banuelos

| | |
|---|---|
| **From:** | donotreply@boscolegal.mail.legalconnect.com |
| **Sent:** | Wednesday, April 9, 2025 9:57 AM |
| **To:** | efile@boscolegal.org |
| **Subject:** | Order Confirmation for DIAZ, et al. vs THE CITIZEN HOTEL, et al., Case # 24CV020170 |

**CAUTION: External sender**

## Court eFile Order Confirmation

This confirms Bosco Legal Services has received your Court eFiling order to eFile the documents listed below. *Please note that access to any confidential document requires logging into the LegalConnect application before the viewing the document(s).*

> **Answer**;
> **Notice of Posting of Jury Fees**

At: **Gordon D. Schaber Courthouse**

Your document(s) have been electronically transmitted to the court **today (Wed, Apr 9, 2025)** and placed in the queue for review by the Clerk.

Once your eFile order has been reviewed you will receive a status update with details stating if your documents were Accepted, Partially Accepted or Rejected by the Clerk, followed by your conformed or received copy(s) or else rejection notice.

Should you have any questions, please contact us or log in and manage your cases and orders at boscolegal.org

Thank you for using Bosco Legal Services.

 Order(s): **11719301**

Billing Code: **13070584-RP**

Internal Reference Number: **13070584-RP**

 eFile Transaction Number(s): **25SC00201117**

This automated message is being sent by Bosco Legal Services, Inc. It is intended exclusively for the individuals and/or entities to which it is addressed. This communication including any links or attachments, may contain information that is proprietary, confidential, privileged or otherwise exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate any part of this message, or any part of any links or attachments thereto. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message and attachments from your records.

© 2025 Bosco Legal Services, Inc. All Rights Reserved.
4651 Brookhollow Cir. Ste. C, Riverside, CA 92503
Contact Us

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1461 Ford Street, Suite 201, Redlands, California 92373.

On April 9, 2025, I served the foregoing document(s) described as **DEFENDANT AIMBRIDGE HOSPITALITY, LLC'S NOTICE OF REMOVAL** on the other parties in this action as follows:

| | |
|---|---|
| Nanette Reed, Esq.<br>**LOS ANGELES CITY LAW, APLC**<br>7961 West 3rd Street<br>Los Angeles, CA 90048<br>Email: lit@lacitylaw.com<br><br>Tel: (424) 204-9914<br>Fax; (866) 241-0758 | *Attorneys for Plaintiffs* E. D., an individual Minor by and through his guardian ad litem Cathleen Ann Magorien and Cathleen Ann Magorien, an individual |

[ ]   **(BY MAIL)** By placing **[ ] the original [X] a true copy** thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria persona. [ ] I deposited such envelope(s) in the mail at Redlands, California, with postage thereon fully prepaid. [**X**]  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission pursuant to C.C.P. Sections 2025.310(b) and 1010.6 *et seq*.**;** I caused the documents to be sent from **cbanuelos@homan-stone.com** to the persons at the electronic notification addresses listed above/below. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[**X**]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 9, 2025, at Redlands, California.

*Carla Banuelos*
Carla Banuelos

-6-