Lynn V. Rivera, Esq. (State Bar No. 196602)
livera@zellaw.com
**ZELMS ERLICH LENKOV LLP**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile:  (818) 279-2550

*Attorneys for Defendants*
Citizen Hotel, Aimbridge Hospitality, LLC,
Marriott Bonvoy Boutiques, LLC
and Marriott International, Inc.

# UNITED STATES DISTRICT COURT

## STATE OF CALIFORNIA, EASTERN DISTRICT

| | |
|---|---|
| E. D., an individual minor by and through his guardian ad litem CATHLEEN ANN MAGORIEN; and CATHLEEN ANN MAGORIEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation, and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.: 2:25-cv-01062-JAM-JDP<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**<br><br>Assigned to Judge: John A. Mendez<br>Magistrate Judge: Jeremy D. Peterson<br><br>Action Filed:    04/09/2025<br>Trial Date:      None Yet Set |

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed

- 1 -                        Case No. 2:25-cv-01062-JAM-JDP

to this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

**Designation of Confidential Information.**

1.      Designation of Material: Prior to production, document marked as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material.  Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2.      Subsequent Designation: Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3.      Designation of Depositions: Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4.      General Access: Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

- 2 -                                Case No. 2:25-cv-01062-JAM-JDP

(a)     To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record.

(b)     To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel;

(c)     To court reporters transcribing a deposition, hearing, or other proceeding in this matter;

(d)     To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

5.     No Copies/Notes:  Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

6.     Use in this Litigation Only: Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

7.     Use at Depositions: If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

8.     Use at Court Hearings and Trial: Subject to Federal Rules of Civil Procedure and California Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential

Case No. 2:25-cv-01062-JAM-JDP

Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. ~~If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.~~ **Any use of Confidential Material at trial shall be governed by a separate agreement or order.**

9. <u>Filing Under Seal:</u> **Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with Eastern District Local Rule 141. Confidential Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Material at issue.** ~~Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.~~

10. <u>Reasonable Precautions:</u> Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

11. <u>Destruction After Litigation:</u> Plaintiffs agree to destroy the records upon completion of litigation.

**SO STIPULATED AND AGREED:**

DATED: February___, 2026          **LOS ANGELES CITY LAW**

_____
NANETTE REED, ESQ.
CALIFORNIA BAR NO. 10514

*Attorneys for Plaintiffs*

DATED: FEBRUARY ___, 2026        **ZELMS ERLICH LENKOV**

_____
LYNN V. RIVERA
CALIFORNIA BAR NO. 196602
*Attorneys for Defendan*ts

Good Cause Appearing, the Parties Stipulation is **GRANTED, as modified**.

IT IS SO ORDERED.

Dated:    March 26, 2026        _____
                               JEREMY D. PETERSON
                               UNITED STATES MAGISTRATE JUDGE

Case No. 2:25-cv-01062-JAM-JDP