UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

E.D., an individual minor by and through his Guardian Ad Litem, CATHLEEN ANN MAGORIEN; CATHLEEN ANN MAGORIEN, an individual,

                    Plaintiffs,

     v.

THE CITIZEN HOTEL, an entity form unknown; AIMBRIDGE HOSPITALITY, LLC, a limited liability company; MARRIOTT BONVOY BOUTIQUES, LLC, a limited liability company; MARRIOTT INTERNATIONAL, INC., a corporation; and DOES 1 to 50, Inclusive,

                    Defendants.

No. 2:25-cv-01062-JAM-JDP

**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND REMANDING THIS ACTION TO STATE COURT**

Plaintiff E.D., a California minor, brings negligence and premises liability claims arising out of allegations he slipped and fell while exiting a bathtub during his stay at The Citizen Hotel in Sacramento, California.  Plaintiff now seeks leave to amend his Complaint to join two new defendants, the hotel's property owner and the hotel's general manager, and to remand this action to state court for lack of subject matter jurisdiction as the general manager is also a California citizen.

1

For the reasons set forth below, the Court grants Plaintiffs' motion, permits joinder of the two new defendants, and remands this case to state court.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff E.D., a California minor, alleges that he slipped and fell on or about June 3, 2023, at Defendant The Citizen Hotel ("Hotel"), located at 926 J Street, Sacramento, California 95814. Compl. ¶¶ 13-15, ECF No. 1.  E.D. alleges he slipped while stepping out of a water-filled bathtub onto a wooden step stool provided by the hotel for entering and exiting the bath, causing him to fall and strike his head on the edge of the bathtub, sustaining serious injuries as a result.  Id. ¶ 15, 21-23.

E.D. and his guardian ad litem, Plaintiff Cathleen Ann Migorien, brought two claims for (1) negligence and (2) premises liability against the Hotel and Defendants Aimbridge Hospitality, LLC; Marriott Bonvoy Boutiques, LLC; Marriott International, Inc.; and Does 1 to 50 in the Sacramento County Superior Court on October 3, 2024.  Id. ¶¶ 12-32.  Aimbridge Hospitality, LLC removed the action to federal court on April 9, 2025, based on diversity jurisdiction.  Notice Removal, ECF No. 1.

Plaintiffs filed this Motion for Leave to Amend Complaint (ECF No. 10), seeking to add the Hotel's property owner CL1 Sacramento, LLC. ("CL1"), a Delaware corporation, and the Hotel's General Manager David Shipman ("Shipman"), a California citizen, as defendants in this action.  Defendants filed a timely Opposition (ECF No. 11), and Plaintiffs filed a Reply (ECF No. 12).  The matter was submitted without oral argument pursuant to Local Rule 230(g).  ECF No. 14.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 generally governs amendment of pleadings and provides that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), a policy which is applied with "extreme liberality."  See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  However, after a case has been removed, a proposed amendment to join a diversity-destroying defendant is governed by 28 U.S.C. § 1447(e), which states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); Tran v. Costco Wholesale Corp., No. 23cv2057-GPC(BLM), 2025 WL 301293, at *1-2 (S.D. Cal. Jan. 24, 2025) (applying section 1447(e) in a motion to amend where the plaintiff sought to add a defendant that would defeat diversity). The decision whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the district court.  See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Walker v. Glob. Mail, Inc., No. CV 21-6546-DMG (SHKx), 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021).

## III. OPINION

A.   Sanctions

As a preliminary matter, the Court notes that Plaintiffs' Reply is 10 pages in violation of this Court's Order re Filing Requirements that "reply memoranda are limited to five (5) pages."  ECF No. 2-2.  Thus, the Court imposes monetary sanctions of $50.00 per page, or $250.00, against Plaintiffs.

**B.**   <u>The Court Grants Joinder of Defendant CL1</u>

Plaintiffs seek leave to amend their Complaint and add CL1, the Hotel's alleged property owner, arguing they were unaware of CL1's property interest until an employee of Mariott International, Inc. provided a declaration identifying CL1 as the Hotel's ownership entity.  Mot. Amend Compl. at 2, 4, 7, ECF No. 10.  Adding CL1 as a defendant would not defeat diversity.  Thus, whether leave to amend should be granted is governed by Rule 15, which requires examination of several factors, including (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments.  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  The Court weighs prejudice to the opposing party most heavily.  <u>Eminence Cap.</u>, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining <u>Foman</u> factors, there exists a <u>presumption</u> under Rule 15(a) in favor of granting leave to amend."  <u>Id.</u> (emphasis in original).

The Court grants leave to join CL1 as a defendant. Defendants do not argue any bad faith or prejudice here, nor do they dispute this is the Plaintiffs first-time seeking amendment. Rather, Defendants focus on undue delay, arguing Plaintiffs' motion is untimely as discovery has been ongoing for months and Plaintiffs could have identified CL1 as a defendant before by "performing a basic internet or public records search."  Opp'n at 2, ECF No. 11.  Defendants also argue amendment is futile as CL1 is not a proper defendant because, at the time of E.D.'s injuries, it had delegated all its management authority to Interstate Management Company ("Interstate"), a property manager,

4

and had entered into a property management agreement with an indemnification clause shifting liability for any negligence to Interstate.  Id. at 3.

The Court finds no undue delay here.  It is undisputed that Defendants did not list CL1 in their initial disclosures, and that Plaintiffs did not discover CL1 was the Hotel's property owner until a declaration submitted by Defendant Marriott International, Inc. in October 2025.  See Mot. Amend Compl. at 3-4; Opp'n at 6.  Plaintiffs promptly sought amendment to add CL1 thereafter in December 2025.

The Court also finds no futility of amendment.  Amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  "Denial of leave to amend on [futility grounds] is rare.  Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  GMAC Mortg. LLC v. Nev. Ass'n Servs., Inc., No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted).  Here, Defendants argue that CL1 is not a proper defendant because it had delegated its management authority at the time of E.D.'s injuries.  However, California law is clear that those who "own, possess, or control property generally have a duty to exercise ordinary care in managing the property in order to avoid exposing others to an unreasonable risk of harm." Annocki v. Peterson Enters., LLC, 232 Cal. App. 4th 32, 37 (2014).  The existence and scope of a property owner's duty are

legal questions for the court.  Id. at 36.  Notably here, California courts have held that "a landlord cannot escape liability for failure to maintain property in a safe condition by delegating such duty to an independent contractor."  Srithong v. Total Investment Co., 23 Cal. App. 4th 721, 726 (1994).  Thus, the Court finds it premature at the pleadings stage to determine whether CL1's delegation of management authority to Interstate eliminates CL1's potential liability to Plaintiffs.

C.   The Court Grants Joinder of Defendant Shipman and Remands this Matter to State Court

Plaintiffs also seek leave to add Shipman, the Hotel's alleged General Manager, as a defendant in this case, alleging they recently learned via discovery that Shipman had knowledge that the height of the Hotel's bathtubs created a safety issue for customers and that he authorized the placement of the wooden step ladders near the tubs which created a hazardous condition causing E.D.'s injuries.  Mot. Amend Compl. at 2, 4.

The Court finds that joinder of Shipman is appropriate here. As discussed above, "courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e)."  Walker, 2021 WL 4594024, at *2.  In exercising this broad discretion, the Court may consider several nonexclusive factors, including: (1) whether the party sought to be joined is needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is

6

intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether the denial of joinder will prejudice the parties.  IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations omitted); see also Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000).  "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder."  Leyba v. Walmart, Inc., No. 2:20-cv-07604-ODW (Ex), 2021 WL 8893640, at *2 (C.D. Cal. Feb. 2, 2021).

> 1.    Just Adjudication

The first factor considers whether Shipman is necessary for adjudication of Plaintiffs' claims against the remaining Defendants.  See Doyle v. Gen. Motors LLC, No. 19-cv-10781-CJC-SSx, 2020 WL 915887, at *2 (C.D. Cal. Feb. 25, 2020).  Joinder, pursuant to 28 U.S.C. § 1447(e), falls under a less restrictive standard compared to Federal Rule of Civil Procedure 19.  See Dordoni v. FCA US LLC, No. EDCV 20-1475-JGB-SHKx, 2020 WL 6082132, at *3 (C.D. Cal. Oct. 15, 2020).  Under Section 1447(e), joinder is necessary when it will avoid separate and redundant actions.  Id.  However, if the defendants are only tangentially related, or joinder would not preclude complete relief, then joinder is unnecessary.  Id.

Defendants argue that there is no need to name additional defendants for just adjudication of Plaintiffs' claims as the current Defendants have adequate resources to pay any judgment and Aimbridge Hospitality, LLC, which employs Shipman, is willing to produce Shipman for deposition and trial.  Opp'n at 5.

Plaintiffs respond that the addition of Shipman is appropriate as he is a potentially liable party whose presence will allow for complete resolution of all claims arising from the same transaction or occurrence.  Reply at 9, ECF No. 12.

Plaintiffs' proposed Amended Complaint brings claims for negligence and premises liability against Shipman.  "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury."  Kesner v. Superior Ct., 1 Cal. 5th 1132, 1158 (2016).  In general, "a defendant owes a duty of care to all persons who are foreseeably endangered by his [or her] conduct, with respect to all risks which make the conduct unreasonably dangerous."  Rotolo v. San Jose Sports & Entm't, LLC, 151 Cal. App. 4th 307, 325 (2007) (alteration in original) (quoting Tarasoff v. Regents of Univ. of Cal., 17 Cal. 3d 425, 434–35 (1976)).  In addition, as discussed above, those who control property have a duty to exercise ordinary care in managing the property to avoid exposing others to an unreasonable risk of harm.  Annocki, 232 Cal. App. 4th at 37.  Under long-settled California law, a manager may be held liable for his or her tortious acts, even if the employer is not.  See Perkins v. Blauth, 163 Cal. 782, 787 (1912) ("if a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not, of course, exonerate the agent from liability"); see also Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, 107 Cal. App. 4th 54, 68-69 (2003), as modified on denial of reh'g (Apr. 8, 2003) (agent or employee is always liable for his own torts,

whether his employer is liable or not; fact that tort was committed by agent acting under authority of his principal and principal thus becomes liable does not exonerate agent from liability); Dillon v. Wallace, 148 Cal. App. 2d 447, 455 (1957) (manager in charge of market where the plaintiff slipped and fell was liable for his failure to act and breached a duty to protect customers from injury).

Here, Plaintiffs allege Shipman was the General Manager of the Hotel at the time of E.D.'s injuries; had a duty to keep the Hotel premises reasonably safe; was on notice that customers were having issues entering and exiting the Hotel's baths; and was involved in installing the step stools next to the baths as a proposed solution for those customers' difficulties without exercising reasonable care, thereby causing E.D.'s injuries. See First. Am. Compl. at 2, 8-10, 12-13, ECF No. 10-1. The Court finds these allegations minimally sufficient to support negligence and premises liability claims against Shipman.

Thus, this first factor supports the joinder of Shipman because he is not tangentially related to the alleged causes of action, but rather may be directly liable for his alleged negligence in creating the dangerous condition leading to E.D.'s injuries. In addition, the failure to join Shipman could lead to separate and redundant actions.

2.    Statute of Limitations

E.D. is a minor such that statute of limitations for his claims are tolled during his minority under California Code of Civil Procedure § 352. Mot. Amend Compl. at 10-12. As such,

E.D.'s proposed claims against Shipman would be timely if brought separately in state court, weighing against joinder.

### 3.   Timeliness

The third factor considers whether there has been an unexplained delay in seeking joinder.  See Doyle, 2020 WL 915887, at *2.  Courts typically consider the time that passed from when the original complaint was filed to when the non-diverse defendant was joined and whether dispositive motions have been filed.  Reyes v. FCA US LLC, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *5 (E.D. Cal. Dec. 8, 2020).

Defendants argue that Plaintiffs' request to join Shipman is untimely as Defendants identified Shipman in their initial disclosures in June 2025 as a person with knowledge of the facts and circumstances of the Plaintiffs' incident, yet Plaintiffs waited another six months to amend.  Opp'n at 2.  Defendants argue Plaintiffs chose to add Shipman as a defendant only after realizing diversity jurisdiction could be destroyed.  Id. at 5–6.

Plaintiffs moved to amend approximately a year after the Complaint was filed and nine months after this case was removed from state court.  While not insignificant, Plaintiffs have explained that their delay in seeking amendment was due, in part, to information they only learned through discovery.  In addition, Defendants do not assert that any prejudice will result from permitting amendment now.  Indeed, the Court notes that discovery has not closed, and no dispositive motions have been filed. Courts have found amendment timely in circumstances similar to this one.  See, e.g., Yang v. Swissport USA, Inc., No. C 09-03823, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (granting

plaintiffs' motion to amend filed nine months after removal where "no dispositive motions ha[d] been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court").

Thus, the Court finds the third factor weighs slightly in favor of joinder.

### 4. Purpose of Joinder and Validity of Claims

The fourth and fifth factors consider whether joinder is solely to defeat federal jurisdiction and whether the claim against the new party seems valid, respectively. See Doyle, 2020 WL 915887, at *2. An assessment of the strength of the claims against the non-diverse defendant points to the purpose of the joinder and whether it is solely to divest this Court of jurisdiction. See Sabag v. FCA US, LLC, No. 2:16-cv-06639-CAS-RAOx, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted). A claim is valid if there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." Id. at 549 (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009)).

Here, Defendants argue that joining Shipman would constitute fraudulent joinder because Shipman "in fact, had no knowledge of prior claims of personal injury involving the subject step stools and tall tubs, and corporate records document no such claims for

personal injuries were ever made."  Opp'n at 7.  This argument fails to satisfy the heavy burden of showing fraudulent joinder, as joinder is fraudulent only if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint.  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  As discussed above, Plaintiffs can state plausible negligence and premises liability claims against Shipman.  Thus, while adding Shipman as a defendant to destroy diversity may be Plaintiffs' motive, at least in part, Plaintiffs' claims against Shipman are facially legitimate such that Plaintiffs' motive is not solely to destroy diversity.  This supports joinder of Shipman.  See Trujillo v. Target Corp., No. 17-cv-06429 VAP (GJSx), 2017 WL 4864490, at *5 (C.D. Cal. Oct. 26, 2017) (validity of new claims satisfied where the plaintiff alleged elements of a negligence claim).

Thus, the Court concludes that Plaintiffs' motive is a neutral factor or modestly weighs in favor of granting Plaintiffs' motion.

### 5.   Prejudice

The sixth factor considers whether any party will suffer prejudice caused by the joinder or nonjoinder of the nondiverse defendant.  See Doyle, 2020 WL 915887, at *2.  Here, Plaintiffs argue the "addition of these defendants will not cause undue prejudice to the existing parties" as the "case remains in the early stages of discovery, providing ample opportunity for all parties to conduct necessary discovery."  Reply at 5.  The Court agrees that it does not appear Defendants will suffer prejudice if the motion is granted, and this case is remanded, as this case

is still in its early stages and the discovery cutoff has already been extended through August 2026.  See ECF No. 18.  Further, Defendants do not argue they will suffer any prejudice in their Opposition.  Alternatively, duplicative work and potentially inconsistent rulings for Plaintiffs could be prejudicial.  See McDowell v. Ford Motor Co., No. SACV 16-01777-CJC(ASx), 2017 WL 252280, at *3 (C.D. Cal. Jan. 19, 2017).  Joinder here would also promote judicial economy.

Thus, this factor weighs in favor of joinder.

**IV.   ORDER**

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 10). Plaintiffs are granted leave to join CL1 SACRAMENTO, LLC. as a defendant under Fed. R. Civ. P. 15.  Further, considering the factors for joinder of a non-diverse defendant above, the Court exercises its discretion under 28 U.S.C. § 1447(e) to permit joinder of DAVID SHIPMAN.  Because joinder of DAVID SHIPMAN destroys the Court's jurisdiction over this action, the Court REMANDS this matter to the Sacramento County Superior Court. Finally, Counsel for Plaintiffs are ordered to pay $250 to clerk of court no later than April 29, 2026.

IT IS SO ORDERED.

Dated: April 10, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE